JUDGE RAKOFF

09 CV 6262

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEXCIA MAYES, an Infant Over the Age of Fourteen,
By Her Mother, CERENE MAYES,

**COMPLAINT**

Plaintiff,

Index No.:

-against-

Jury Trial Demanded

CITY OF NEW YORK, and JOHN AND JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

------------------------------------------------------------------X

Plaintiff ALEXCIA MAYES, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff ALEXCIA MAYES is a seventeen year old African American woman who resides in the Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On April 18, 2008, at approximately 9:00 p.m., plaintiff ALEXIA MAYES ("MAYES"), then a fifteen year old student, was lawfully present in the vicinity of Burnside Ave. and Grant Ave., County of Bronx, City of New York. At that approximate time, MAYES was unjustifiably accosted and falsely arrested by the defendant New York City police officers, notwithstanding that Ms. Mayes had not committed any crime whatsoever. In particular, MAYES was, among other things, attacked from behind by one of the defendants while she was walking. The defendant officer grabbed MAYES, pulled her arm, forcibly threw her against a gate and struck her about her face with a hard object – most likely the officer's handheld radio. The officer thereafter struck MAYES over her right eye with a closed fist, and forcibly threw her to the ground. The defendants steeped on MAYES' back and cuffed her. Notwithstanding the lack of any basis to do so, the officers continued Ms. Mayes' imprisonment by taking her to be viewed by a purported crime victim, who confirmed, upon information and belief, that Ms. Mayes did not fit the description of any purported suspect. Nonetheless, Ms. Mayes was still thereafter taken against her will to an NYPD facility where she was booked on false charges. She was thereafter taken to Spofford juvenile correctional facility, where she was detained until she was taken to Bronx County Family Court on Monday, April 21, 2008. Ms. Mayes was released from Family Court prior to any charges being filed in Court, based on a determination by the Probation Department that no charges would be presented in court. Upon information and belief, all purported charges were thereafter dismissed and sealed, and otherwise deemed a legal nullity.

13.     As a result of the foregoing acts of brutality and abuse of authority, Ms. Mayes sustained physical injuries mental anguish, deprivation of her liberty and civil rights, and she

incurred special damages.

14. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

15. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

16. As a result of the foregoing, plaintiff ALEXCIA MAYES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19. All of the aforementioned acts deprived plaintiff ALEXCIA MAYES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. Defendants arrested plaintiff ALEXCIA MAYES without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

25. Defendants caused plaintiff ALEXCIA MAYES to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ALEXCIA MAYES' constitutional rights.

28. As a result of the aforementioned conduct of defendants, plaintiff ALEXCIA MAYES was subjected to excessive force and sustained physical and emotional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants had an affirmative duty to intervene on behalf of plaintiff ALEXCIA MAYES, whose constitutional rights were being violated in their presence by other officers.

31. The defendants failed to intervene to prevent the unlawful conduct described herein.

32. As a result of the foregoing, plaintiff ALEXCIA MAYES' liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALEXCIA MAYES' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALEXCIA MAYES.

39. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALEXCIA MAYES as alleged herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALEXCIA MAYES as alleged herein.

41. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ALEXCIA MAYES was unlawfully arrested and subjected to excessive force.

42. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALEXCIA MAYES' constitutional rights.

43. All of the foregoing acts by defendants deprived plaintiff ALEXCIA MAYES of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from false arrest;

   C. To be free from excessive force;

   D. To be free from the failure to intervene.

44. As a result of the foregoing, plaintiff ALEXCIA MAYES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

47. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

48. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

49. Plaintiff has complied with all conditions precedent to maintaining the instant action.

50. This action falls within one or more of the exceptions as outlined in C.P.L.R.

8

1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants arrested plaintiff ALEXCIA MAYES without probable cause.

53. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

54. As a result of the aforementioned conduct, plaintiff ALEXCIA MAYES was unlawfully imprisoned in violation of the laws of the State of New York.

55. As a result of the aforementioned conduct, plaintiff ALEXCIA MAYES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the foregoing, plaintiff ALEXCIA MAYES was placed in apprehension of imminent harmful and offensive bodily contact.

58. As a result of defendant's conduct, plaintiff ALEXCIA MAYES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants made offensive contact with plaintiff without privilege or consent.

61. As a result of defendant's conduct, plaintiff ALEXCIA MAYES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

65. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

66. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ALEXCIA MAYES.

67. As a result of the aforementioned conduct, plaintiff ALEXCIA MAYES suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN ELVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALEXCIA MAYES.

70. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALEXCIA MAYES.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

75.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.  Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77.  As a result of the foregoing, plaintiff ALEXCIA MAYES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALEXCIA MAYES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 10, 2009

          LEVENTHAL & KLEIN, LLP
          45 Main Street, Suite 230
          Brooklyn, New York 11201
          (718) 722-4100

          By: _____
               BRETT H. KLEIN (BK4744)

          Attorneys for Plaintiff ALEXCIA MAYES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALEXCIA MAYES, an Infant Over the Age of Fourteen,
By Her Mother, CERENE MAYES,

                                          Plaintiff,

      -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------X


## COMPLAINT


                    LEVENTHAL & KLEIN, LLP
                      Attorneys for the Plaintiff
                      45 Main Street, Suite 230
                      Brooklyn, New York 11201
                      (718) 722-4100